IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-42738 |
| | ) | |
| TERESA SHOEMAKER HAYES, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

   This matter was presented to the Court on a Motion for Summary Judgment filed by Debtor (Fil. #76), and a Resistance by creditor, David Hayes (Fil. #85). Bert E. Blackwell appeared for Debtor, and James R. Nisley appeared for David Hayes. The motion was taken under advisement as submitted without oral arguments. The underlying issue in this case is whether David Hayes has valid claims against Debtor or whether Debtor's objections to his claims (Fil. #s 25, 26) should be sustained.

   Debtor married William Hayes on December 22, 1977. David and Charlotte Hayes are the parents of William Hayes. Charlotte Hayes is now deceased, and David is the holder of the claims. Between September 20, 1997, and August 19, 1998, David and Charlotte Hayes provided a total sum of $125,000.00 to William Hayes and Debtor to use for construction of a new home. Debtor does not dispute that funds were provided by David and Charlotte Hayes and that the funds were used to construct a new home for William Hayes and Debtor. However, Debtor never signed a promissory note evidencing such loans and, in fact, refused to do so. David and Charlotte Hayes appear to be asserting claims in the amount of $125,000.00 for the funds provided for home construction, and in the amount of $74,566.71 for certain other obligations. William Hayes and Debtor were divorced in 2006, but the state court declined to assign liability on any indebtedness to David and Charlotte Hayes since Debtor and William Hayes had each already received a bankruptcy discharge.

   Summary judgment is appropriate only if the record, when viewed in the light most favorable to the nonmoving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

   Upon a motion for summary judgment, the initial burden of proof is allocated to the movant in the form of demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. at 325; *see Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997), *cert. denied sub nom. Hinkel v. Hinkel*, 522 U.S. 1048 (1998); *Jafarpour v. Shahrokhi (In re Shahrokhi)*, 266 B.R. 702, 706-07 (B.A.P. 8th Cir. 2001); *Nelson v. Kingsley (In re Kingsley)*, 208 B.R. 918, 920 (B.A.P. 8th Cir. 1997).

When the movant makes an appropriate showing, the burden then shifts to the nonmoving party "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e)).

To withstand a motion for summary judgment, the nonmoving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." *Austin v. Minnesota Mining & Mfg. Co.*, 193 F.3d 992, 994 (8th Cir. 1999) (quoting *Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893, 895 (8th Cir. 1992), *cert. denied*, 508 U.S. 906 (1993)).  In this respect, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts; [it] must show there is sufficient evidence to support a jury verdict in [its] favor." *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998).

Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251-52.

Debtor has moved for summary judgment largely on the basis of the statute of frauds. Debtor submits that since she never signed a promissory note, there is no obligation enforceable against her.[1]  Debtor's statute of frauds defense is without merit.  The claims of David Hayes assert that Debtor is directly liable for the debts.  He does not appear to be asserting that Debtor is obligated to answer for the debt of another pursuant to Neb. Rev. Stat. § 36-202.  Where the undertaking is original, the promisor will be liable even though the promise is not in writing. *Maseberg v. Mercer*, 176 Neb. 668, 671-73, 127 N.W.2d 208 (1964) (citing *Peyson v. Coniff & Shellabarger*, 32 Neb. 269, 49 N.W. 340 (1891)).

Addressing first Claim No. 9 filed by David and Charlotte Hayes, in the total amount of $74,566.71.  William Hayes and Debtor were part owners of a corporation named High Plains Pork Producers, Inc.  It is unclear from the record whether that entity was actually a legal corporation, but that appears to be the assertion of the parties.  The corporation owed money to David Hayes and Charlotte Hayes, each on a separate promissory note.  In order to remove the indebtedness from the corporation, in July 1997, David Hayes substituted his own promissory notes for the promissory notes of the corporation.  That was purportedly done to enable Debtor and William Hayes to receive a line of credit from a bank.  Debtor refused to sign a promissory note at that time.  No evidence was presented as to the nature of the former debt of the corporation to David and Charlotte Hayes. Further, no evidence was presented as to any personal liability Debtor may have had on such debt. William Hayes did submit an affidavit indicating that he and Debtor were able to obtain and use a line of credit in the amount of $75,000.00 as a result of the substitution of the corporate obligations. Questions of fact remain as to the validity of the claim of David and Charlotte Hayes against Debtor for such amounts.

---

[1]Debtor also argues that she never signed a mortgage, and in his brief, David Hayes acknowledges that he does not have a secured claim.  He is simply seeking unsecured claims.

With regard to Claim No. 8, representing the funds provided by David and Charlotte Hayes for construction of Debtor and William's house, there is no dispute that Debtor benefitted from such funds. However, the record is unclear as to whether such funds were provided as a gift or a loan, and if a loan, what the repayment terms would be. It is also not clear whether it was just a loan to William or to both William and Debtor. An issue of material fact remains as to Debtor's obligation to repay such funds.

Accordingly, since genuine issues of material fact need to be decided, Debtor's motion for summary judgment must be denied.

IT IS ORDERED: Debtor's motion for summary judgment (Fil. #76) is denied. The parties shall file a joint preliminary pretrial statement by April 6, 2007, after which this matter will be set for trial.

DATED: March 19, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    *Bert E. Blackwell
    James R. Nisley
    Philip M. Kelly
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.